IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | Civil Action No. 23-cv-14110 |
| v. )<br>) | **C O M P L A I N T** |
| **Blackwell Security Services, Inc.** )<br>)<br>) | JURY TRIAL DEMAND |
| **Defendant.** )<br>) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to an individual who has been adversely affected by such practices. As alleged with greater particularity in below, Blackwell Security Services, Inc. ("Blackwell" or "Defendant") has discriminated against ones of its employees ("Aggrieved Individual") by failing to accommodate his religious observance or practice, in violation of Title VII.

JURISDICTION AND VENUE

1) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2) The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

PARTIES

3) Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4) Defendant provides concierge, lobby attendant, doorman and security services to condominiums, apartment complexes, and businesses in Illinois and elsewhere.

5) At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and the City of Chicago, in Cook County.

6) At all relevant times, Defendant has continuously had at least 15 employees.

7) At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8) More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 440-2021-00968 was filed with the Commission alleging violations of Title VII by Defendant.

9) On August 8, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individual on the basis of religion by denying him a religious accommodation, in violation of Title VII.

10) The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11) The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12) The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13) On August 3, 2023, the Commission issued Defendant a Notice of Failure of Conciliation.

14) All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

15) Since at least August 20, 2020, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), affecting the Aggrieved Individual. In particular:

    a. The Aggrieved Individual worked for Defendant beginning August 20, 2020, in positions that included pool attendant and desk concierge.

    b. The Aggrieved Individual is (and was at the time he worked for Defendant) Muslim.

    c. The Aggrieved Individual's religious observances and practices include keeping a beard.

    d. In observance of his religion, the Aggrieved Individual had a beard at the time he was hired by Defendant.

    e. Defendant maintains or maintained a policy ("Policy") that requires all male employees to be clean shaven, with the exception of a "neatly trimmed" mustache and "conservative length" sideburns.

    f. The Policy prohibits male employees from having beards.

    g.    On or about November 14, 2020, the Aggrieved Individual requested, in writing, that Defendant permit him to keep his beard, as a religious accommodation.

    h.    Permitting the Aggrieved Individual to keep a beard would have imposed no cost or operational burden on Defendant's business.

    i.    Nevertheless, on or about November 18, 2020, Blackwell's Chief Executive Officer and President ("CEO") denied the Aggrieved Individual's request for a religious accommodation.

    j.    On or about November 18, 2020, the CEO told the Aggrieved Individual that he needed to be clean shaven by his next scheduled work day if he wished to continue working for Defendant.

    k.    As a result, in order to keep his job, the Aggrieved Individual shaved his beard, in violation of his religious practice, which caused him significant distress.

16)    The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect the terms and conditions of his employment because of his religion.

17)    The unlawful employment practices complained of above were and are intentional.

18)    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion in violation of Title VII.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of religion, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole the Aggrieved Individual, by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

F.  Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct in subjecting him to the unlawful practices described above, in amounts to be determined at trial.

G.  Order Defendant to pay the Aggrieved Individual above prejudgment interest.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated September 26, 2023

                                        Gwendolyn Young Reams
                                        Acting General Counsel
                                        Equal Employment Opportunity Commission
                                        131 M Street, N.E., 5th Floor
                                        Washington, D.C. 20507


                                        Gregory Gochanour
                                        Regional Attorney
                                        EEOC Chicago District Office
                                        230 South Dearborn Street, Ste. 2920
                                        Chicago, IL 60604
                                        Email: gregory.gochanour@eeoc.gov


                                        Justin Mulaire
                                        Assistant Regional Attorney
                                        EEOC Chicago District Office
                                        230 South Dearborn Street, Ste. 2920
                                        Chicago, IL 60604
                                        Email: justin.mulaire@eeoc.gov


                                        /s Greger B. Calhan
                                        Greger Calhan
                                        Trial Attorney
                                        EEOC Minneapolis Area Office
                                        330 Second Avenue South, Suite 720
                                        Minneapolis, Minnesota 55401
                                        Telephone: (612) 552-7323
                                        Facsimile: (612) 335-4044
                                        Email: greger.calhan@eeoc.gov