IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23-cv-14110 |
| v. | ) ) | JURY TRIAL DEMAND |
| BLACKWELL SECURITY SERVICES, INC. | ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant, Blackwell Security Services, Inc. ("Blackwell"), by and through its attorneys, Craig Annunziata and Dana Ferrell of Fisher & Phillips LLP, hereby submits its Answer to Plaintiff's Complaint and Affirmative Defenses as follows:

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to an individual who has been adversely affected by such practices. As alleged with greater particularity in below, Blackwell Security Services, Inc. ("Blackwell" or "Defendant") has discriminated against ones of its employees ("Aggrieved Individual") by failing to accommodate his religious observance or practice, in violation of Title VII.

**ANSWER: Blackwell admits that Plaintiff purports to bring causes of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 (Title I). Blackwell denies that it violated Title VII or Title I, denies that Plaintiff is entitled to any relief whatsoever, and denies all remaining allegations under the section entitled "Nature of the Action" in Plaintiff's Complaint.**

1

## JURISDICTION AND VENUE

1)      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER: Blackwell states that Paragraph 1 of Plaintiff's Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response is required, Blackwell denies all allegations set forth in Paragraph 1 of Plaintiff's Complaint.**

2)      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

**ANSWER: Blackwell admits that venue is proper in this District. Blackwell denies all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.**

## PARTIES

3)      Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**ANSWER: Blackwell states that Paragraph 3 of Plaintiff's Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response is required, Blackwell admits that the Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII. Defendant denies all remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.**

FP 48781960.2

4)      Defendant provides concierge, lobby attendant, doorman and security services to condominiums, apartment complexes, and businesses in Illinois and elsewhere.

**ANSWER: Blackwell admits that allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5)      At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and the City of Chicago, in Cook County.

**ANSWER: The term "all relevant times" is vague and ambiguous and not defined in the Complaint by Plaintiff which prevents Blackwell from admitting or denying this averment. To the extent a response is required, Blackwell admits that at times throughout 2020 to the present, it conducted business in the State of Illinois and the City of Chicago, in Cook County. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.**

6)      At all relevant times, Defendant has continuously had at least 15 employees.

**ANSWER: The term "all relevant times" is vague and ambiguous and not defined in the Complaint by Plaintiff which prevents Blackwell from admitting or denying this averment. To the extent a response is required, Blackwell admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.**

7)      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ANSWER: The term "all relevant times" is vague and ambiguous and not defined in the Complaint by Plaintiff which prevents Blackwell from admitting or denying this averment. Blackwell further states that Paragraph 7 of Plaintiff's Complaint consists entirely of legal**

conclusions to which no response is required. **To the extent a response is required, Blackwell admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

## ADMINISTRATIVE PROCEDURES

8)      More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 440-2021-00968 was filed with the Commission alleging violations of Title VII by Defendant.

**ANSWER: The term "Aggrieved Individual" is vague and ambiguous and not defined in the Complaint with any reasonable degree of specificity by Plaintiff which prevents Blackwell from admitting or denying this averment. Blackwell further states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies all such allegations.**

9)      On August 8, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individual on the basis of religion by denying him a religious accommodation, in violation of Title VII.

**ANSWER: The term "Aggrieved Individual" is vague and ambiguous and not defined in the Complaint with any reasonable degree of specificity by Plaintiff which prevents Blackwell from admitting or denying this averment. Blackwell admits that it received a Letter of Determination issued by the Commission dated August 8, 2022 stating that it found reasonable cause to believe that Blackwell violated Title VII by discriminating against Plaintiff based upon his religion, Muslim, by being denied a religious accommodation. Blackwell disputes the Commission's findings and denies that it engaged in any unlawful employment practices in relation to Plaintiff. Defendant denies all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.**

4

10)     The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

**ANSWER: Blackwell admits that the Commission invited Blackwell to engage in informal conciliation. Blackwell denies all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.**

11)     The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**ANSWER: Blackwell admits that the Commission engaged in communications with Blackwell. Blackwell denies all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12)     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER: Blackwell states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies all such allegations. To the extent a response is required, Blackwell avers that the Commission chose to end their purported conciliation efforts and issued a Notice of Failure of Conciliation.**

13)     On August 3, 2023, the Commission issued Defendant a Notice of Failure of Conciliation.

**ANSWER: Blackwell admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14)     All conditions precedent to the institution of this lawsuit have been fulfilled.

FP 48781960.2

**ANSWER: Blackwell states that Paragraph 14 of Plaintiff's Complaint consists entirely of legal conclusions to which no response is required. To the extent a response is required, Blackwell denies all allegations contained in Paragraph 14 of Plaintiff's Complaint.**

## STATEMENT OF CLAIMS

15) Since at least August 20, 2020, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), affecting the Aggrieved Individual. In particular:

**ANSWER: Blackwell denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.**

    a.    The Aggrieved Individual worked for Defendant beginning August 20, 2020, in positions that included pool attendant and desk concierge.

**ANSWER: Blackwell admits the allegations contained in Paragraph 15(a) of Plaintiff's Complaint.**

    b.    The Aggrieved Individual is (and was at the time he worked for Defendant) Muslim.

**ANSWER: Blackwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15(b) of Plaintiff's Complaint and, therefore, denies the same.**

    c.    The Aggrieved Individual's religious observances and practices include keeping a beard.

**ANSWER: Blackwell lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15(c) of Plaintiff's Complaint and, therefore, denies the same.**

FP 48781960.2

      d.      In observance of his religion, the Aggrieved Individual had a beard at the time he was hired by Defendant.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(d) of Plaintiff's Complaint.**

      e.      Defendant maintains or maintained a policy ("Policy") that requires all male employees to be clean shaven, with the exception of a "neatly trimmed" mustache and "conservative length" sideburns.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(e) of Plaintiff's Complaint.**

      f.      The Policy prohibits male employees from having beards.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(f) of Plaintiff's Complaint.**

      g.      On or about November 14, 2020, the Aggrieved Individual requested, in writing, that Defendant permit him to keep his beard, as a religious accommodation.

**ANSWER: Blackwell admits the allegations contained in Paragraph 15(g) of Plaintiff's Complaint.**

      h.      Permitting the Aggrieved Individual to keep a beard would have imposed no cost or operational burden on Defendant's business.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(h) of Plaintiff's Complaint.**

FP 48781960.2

   i.  Nevertheless, on or about November 18, 2020, Blackwell's Chief Executive Officer and President ("CEO") denied the Aggrieved Individual's request for a religious accommodation.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(i) of Plaintiff's Complaint.**

   j.  On or about November 18, 2020, the CEO told the Aggrieved Individual that he needed to be clean shaven by his next scheduled work day if he wished to continue working for Defendant.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(j) of Plaintiff's Complaint.**

   k.  As a result, in order to keep his job, the Aggrieved Individual shaved his beard, in violation of his religious practice, which caused him significant distress.

**ANSWER: Blackwell denies the allegations contained in Paragraph 15(k) of Plaintiff's Complaint.**

16)  The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect the terms and conditions of his employment because of his religion.

**ANSWER: Blackwell denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17)  The unlawful employment practices complained of above were and are intentional.

**ANSWER: Blackwell denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

FP 48781960.2

18)     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

**ANSWER: Blackwell denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion in violation of Title VII.

**ANSWER: Blackwell states that Paragraph A of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of religion, and which eradicate the effects of its past and present unlawful employment practices.

**ANSWER: Blackwell states that Paragraph B of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the**

FP 48781960.2

remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.

C.     Order Defendant to make whole the Aggrieved Individual, by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices.

**ANSWER: Blackwell states that Paragraph C of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

D.     Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

**ANSWER: Blackwell states that Paragraph D of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

E.     Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

10

complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

**ANSWER: Blackwell states that Paragraph E of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

F.     Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct in subjecting him to the unlawful practices described above, in amounts to be determined at trial.

**ANSWER: Blackwell states that Paragraph F of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

G.     Order Defendant to pay the Aggrieved Individual above prejudgment interest.

**ANSWER: Blackwell states that Paragraph G of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the**

FP 48781960.2

remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

**ANSWER: Blackwell states that Paragraph H of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

I.      Award the Commission its costs of this action

**ANSWER: Blackwell states that Paragraph I of Plaintiff's Prayer for Relief contains Plaintiff's request for Relief to which no response is required. To the extent a response is required, Blackwell denies that it engaged in any unlawful employment practices or conduct that resulted in any damage to any alleged aggrieved individual. Blackwell further denies the remaining allegations contained in this Paragraph and that Plaintiff is entitled to any relief or damages whatsoever.**

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

**ANSWER: The allegations contained in this Paragraph include a request to a trial by jury, which Plaintiff is entitled under the law, and therefore, no response is required.**

## AFFIRMATIVE DEFENSES

12

Without assuming any burden of proof that Blackwell would otherwise bear, and reserving the right to amend its Answer to assert additional defenses that may become known during the course of these proceedings and as otherwise allowed by the Federal Rules of Civil Procedure and orders of this Court, Blackwell asserts the following affirmative and other defenses:

1.     All of Blackwell's actions with respect to Aggrieved Individual were taken for legitimate and non-discriminatory reasons, and all of Blackwell's actions were made in good faith and without malice or reckless desire to harm the Aggrieved Individual.  All managerial actions were undertaken and exercised with good cause and for proper, lawful business reasons and necessity, which were not a pretext for discrimination.

2.     Without prejudice to Blackwell's denials and other statements of its pleadings, Plaintiff's claims for punitive damages are barred because Blackwell's conduct was not willful.

3.     Blackwell may not be held liable for any alleged injuries or damages resulting from the effects of the alleged Aggrieved Individual's preexisting emotional, psychological, and/or physical conditions, and/or alternative or concurrent causes which may not be the result of any act or omission of the Blackwell.

4.     Plaintiff's claims are barred to the extent that they involve transactions or events or seek damages for periods of time outside the applicable statutory limitations period for filing administrative charges or commencing this lawsuit.

5.     Without prejudice to Blackwell's denials and other statements of its pleadings, permitting Plaintiff the Aggrieved Individual to keep a beard would have imposed an undue hardship on Defendant's business.

Blackwell expressly reserves the right to seasonably amend this Answer and to assert additional affirmative defenses upon further investigation and discovery in this matter.

**WHEREFORE**, Defendant, Blackwell Security Services, Inc. ("Blackwell"), respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice, award Defendant its reasonable costs and attorneys' fees, and provide Defendant with such other relief as the Court deems just and equitable.

Dated: November 27, 2023          Respectfully submitted,

By:   */s/ Dana Ferrell*
       Craig Annunziata
       Dana Ferrell
       **FISHER & PHILLIPS, LLP**
       10 S. Wacker Drive, Suite 3450
       Chicago, IL 60606
       (312) 346-8061
       cannunziata@fisherphillips.com
       dferrell@fisherphillips.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 27, 2023, I electronically filed the foregoing ***Answer to Complaint and Affirmative Defenses*** with the Northern District of Illinois Court via the Court's CM/ECF notification system, which will send notification of such filing by electronic service to counsel of record as follows:

Justin Mulaire
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: justin.mulaire@eeoc.gov

Leslie Carter
Senior Trial Attorney
EEOC Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
Email: leslie.carter@eeoc.gov

Greger Calhan
Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Email: greger.calhan@eeoc.gov

*/s/ Dana Ferrell*
One of the Attorneys for Defendant