**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-14110 |
| | ) | |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| BLACKWELL SECURITY SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

### THE LITIGATION

1.      Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant Blackwell Security Services, Inc ("Blackwell") in the United States District Court for the Northern District of Illinois for violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging that Blackwell discriminated against one of its employees ("Aggrieved Individual") by failing to accommodate his religious observance or practice, in violation of Title VII.

2.      In the interest of resolving this matter, and after engaging in comprehensive settlement negotiations, Plaintiff and Defendant (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve Plaintiff's Complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. Blackwell Security Services, Inc.*, Civil No. 23-14110-VMK (the "Action").

3.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendant; Defendant's directors, officers, agents, employees, successors, and assigns; and all persons in active concert

or participation with Defendant.

## FINDINGS

4.      Having carefully examined the terms and provisions of this Decree, and based on

the pleadings, record, and stipulations of the Parties, the Court finds that:

        a) The Court has jurisdiction over the Parties and the subject matter of this

            litigation;

        b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

        c) The rights of the Parties, the Aggrieved Individual, and the public interest are

            adequately protected by this Decree;

        d) Entry of this Decree will further the objectives of Title VII and will be in the

            best interests of the parties, the Aggrieved Individual, and the public; and

        e) This Decree conforms with the Federal Rules of Civil Procedure and Title

            VII and is not in derogation of the rights or privileges of any person.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION

5.      Blackwell, its officers, agents, employees, successors, and assigns are hereby

enjoined from the following: (1) failing to provide religious accommodations to employees who

seek accommodation for sincerely held religious observance or practices, including but not

limited to exceptions to the company dress code or uniform policy, and who communicate the

request for accommodation to Defendant or where the need for accommodation is otherwise

known to Defendant, unless Defendant can establish undue hardship resulting from the religious

accommodation requested, meaning the burden of providing a religious accommodation would

result in a burden that is substantial in the overall context of an employer's business, in accordance with applicable law; and (2) engaging in any form of retaliation against any person because such person has requested religious accommodation, opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or engaged in any action required by this Decree.

## RELIGIOUS DISCRIMINATION POLICIES

6.  Within fifteen (15) calendar days of the date of the entry of this Decree, Blackwell shall adopt or affirm, and maintain through the Term of this Decree, policies specifically prohibiting religious discrimination and affirming the rights granted under Title VII, including policies providing for religious accommodations in the absence of undue hardship and prohibiting retaliation for any requests for accommodation. Such policies and procedures shall, at minimum:

> a)  Explain employees' and applicants' rights and employers' responsibilities under Title VII, including that federal law requires Defendant to timely provide religious accommodations in the absence of undue hardship and to provide equal opportunities to employees who seek accommodation for sincerely held religious observances or practices regarding all terms, conditions, benefits, and privileges of employment;
>
> b)  Specifically mention, as an example, making accommodations with respect to policies concerning grooming and uniforms for sincerely held religious observances such as beards and religious garb;
>
> c)  Ensure that Defendant shall timely provide accommodations to employees

3

who seek accommodation for sincerely held religious observances or practices, including dress code or uniform policy exemptions in connection with such religious observances or practices, and who communicate the request for accommodation to Defendant or where the need for accommodation is otherwise known to Defendant, and describe the procedure for employees or applicants to request religious accommodations, providing for a prompt, thorough, and effective process that includes direct communication with the requesting employee to clarify the terms of the accommodation requested and provide a specific point of contact for employees to communicate questions or concerns at any time in the process;

d)  Explain the duties that company owners, supervisors, managers, and human resource employees must provide religious accommodations that do not result in a burden that is substantial in the overall context of the employer's business;

e)  Require that any employee in a supervisory position who receives a religious accommodation request, whether formal or informal, written or verbal, including any request for a dress code or uniform policy exemption in connection with religious observance or practice, shall report such religious accommodation request to the human resources department and/or owners of Blackwell within one (1) business day of receiving said request.

f)  Provide for review of any accommodation decision with the applicant or employee, including a written communication to the applicant or employee explaining the decision, the nature of any accommodations granted and, if for

4

any reason an accommodation request is denied, the reasons for the denial of
the accommodation request and an opportunity to appeal the denial;

g) Clearly describe a complaint process for employees or applicants who believe
they have been subjected to religious discrimination, including unlawful
denial of religious accommodation, that provides both internal and external
avenues for complaints, explaining a process for filing a complaint to human
resources and explaining that an employee or applicant may file a charge of
discrimination with the EEOC and/or similar state enforcement agency;

h) Ensure that employees who request religious accommodations, make
complaints of discrimination, or who provide information related to
complaints of discrimination are protected against retaliation;

i) Ensure that Defendant will take immediate and appropriate remedial action
when it determines that religious discrimination or retaliation has occurred.

7.    No later than ten (10) days after the Effective Date of this Decree, Defendant shall
provide to the EEOC a copy of all policies and procedures related to religious discrimination and
religious accommodations; such policies and procedures shall conform to the provisions of
Paragraph 6 of this Decree.

8.    No later than twenty (20) days after the Effective Date, Defendant shall distribute
its policies to all Blackwell employees.

9.    No later than thirty (30) days after the Effective Date, Defendant shall submit to the
EEOC a statement confirming distribution of the policies to all Blackwell employees.

10.    Nothing in this Decree represents an endorsement by the EEOC or by the Court that
either Defendant or any of its policies are in compliance with federal anti-discrimination laws.

## MONETARY RELIEF

11.     Within twenty (20) business days of the approval of this Decree by the Court or within twenty (20) business days after Defendant receives the Release, attached as Exhibit A, signed by the Aggrieved Individual, and an IRS Form W-9, whichever is later, Defendant shall pay the Aggrieved Individual the sum of $70,000 in compensatory damages. Defendant shall remit payment to the Aggrieved Individual by check addressed to the Aggrieved Individual, sent via certified mail requiring signature for delivery. The EEOC will provide the Aggrieved Individual's mailing address when transmitting the signed copy of Exhibit A to the Defendant. Defendant shall email the EEOC's undersigned counsel a copy of the check issued to the Aggrieved Individual and proof of mailing. Defendant shall issue an IRS Form 1099 to the Aggrieved Individual for the payment.

12.     If any portion of the monetary relief is not paid to the Aggrieved Individual within twenty (20) business days of the approval of this Decree by the Court or after Defendant receives a Release, attached as Exhibit A, an IRS Form W-9, signed by the Aggrieved Individual, and the Aggrieved Individual's mailing address, whichever is later ("Unpaid Amount"), then for each business day beyond the twentieth business day that such portion remains unpaid, Defendant shall pay to the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount.

## POSTING OF NOTICE

13.     No later than ten (10) business days after entry of this Decree, and continuously for the duration of this Decree, Defendant shall post copies of the Notice attached as Exhibit B to this Decree in conspicuous locations on bulletin boards or other physical spaces that are regularly used by Defendant for posting legal notices concerning employee rights in all its locations. No later than

fifteen (15) business days after entry of this Decree, Defendant shall certify to the EEOC in writing

that the Notices have been properly posted and distributed in accordance with this Paragraph.

## RECORD KEEPING

14.     During the term of this Decree, Defendant must retain records of each request for

religious accommodation and every complaint or report of religious discrimination, as well as all

documents received or created as part of any request for religious accommodation or investigation

into any complaint of religious discrimination.

15.     For each request for a religious accommodation, the records described in

Paragraph 14, above, shall include: (a) the name of the employee or applicant making the request

and that employee or applicant's mailing address, telephone number(s), and email address; (b)

the date of the request; (c) whether an accommodation was offered, and, if so, what the

accommodation was and whether it was accepted; (d) if an accommodation was not offered, a

detailed explanation of the reason(s); (e) the names and title of any employees, managers or

officers involved in the decision to not provide an accommodation, and for any decision makers

no longer employed by Defendant, their last known contact information; and (f) all documents

created or received by Defendant relating to each request for a religious accommodation. For

each such complaint or report of religious discrimination as described in Paragraph 14, above,

such records shall include: (a) the name of the employee or applicant who made the complaint or

report and that employee or applicant's mailing address, telephone number(s), and email address;

(b) the date of the complaint or report; (c) a written description of what was alleged; (d) a written

description of the resolution or outcome, including a description of what actions, if any,

Defendant took, and the name and position of all employees who were involved in any such

actions taken; (e) if the complaint or report was made in written form, a copy thereof; and (f) all

7

documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## REPORTING

16.    Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after the entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

a)    Copies of all records described in Paragraph 15, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of religious discrimination or requests for a religious accommodation were received during that period; and

b)    A certification by Defendant that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

## TRAINING

17.    During the term of the Decree (see Paragraph 23, below), Defendant shall provide annual training to all Blackwell employees, including owners, officers, managers, supervisors, and human resources employees in all Blackwell locations. Such training shall cover the federal laws which prohibit employment discrimination, with a particular emphasis on the obligations of employers under Title VII to provide religious accommodations, specifically mentioning uniform

policy exemptions for a sincerely held religious observance or practice as an example of religious accommodation. Blackwell shall repeat this training at least once every twelve (12) months for the duration of the Decree and shall occur within sixty (60) calendar days of each anniversary following entry of the Decree. The first annual training shall be completed within sixty (60) days of entry of the Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

18.     Blackwell shall notify the EEOC of its proposed trainer(s) and the content the trainer proposes to present before the commencement of any training session required under Paragraph 17, above. The trainer shall not be an owner, officer, or employee of Defendant. Blackwell shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have five (5) business days from the date it receives the information described above to object to the proposed trainer(s) and/or content the trainer proposes to present. The EEOC may not unreasonably withhold approval of any proposed trainer, and should the EEOC object to Defendant's trainer, it must provide the reasons in writing for doing at the time of the objection. In the event the EEOC objects to Defendant's proposed trainer(s) and/or training materials, Defendant shall have five (5) business days to identify an alternative trainer and/or make changes to the training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to object to the alternate trainer, and/or revised training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraphs 20 and 21, below.

19.     No later than five (5) business days after each training session described in Paragraph 17 above takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name, position, and location of all the employees subject to the training requirement, specifically denoting any employees who did not receive the training; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC. Defendant shall provide makeup training for any individuals who miss the initial training session within ten (10) business days of the initial training session and inform the EEOC of the same within five (5) days after the makeup training is completed.

## DISPUTE RESOLUTION

20.     If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant ten (10) calendar days to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within ten (10) calendar days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

21.     In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms

of the Decree and/or imposing a monetary fine for noncompliance.

## TERM OF THE DECREE

22.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

23.     This Decree shall remain in effect for a term of three (3) years immediately following the entry of the Decree for all of Defendant's locations.  No party will contest the validity of this Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

24.     If any disputes under Paragraphs 20 and 21 remain unresolved at the end of the term of the Decree, the term of the Decree shall be automatically extended and the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

25.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree.

26.     The terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

27.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management

11

Case: 1:23-cv-14110 Document #: 30 Filed: 04/31/24 Page 12 of 36 PageID #:110

employee of Defendant to the best of such owner's, officer's, or management employee's knowledge, information, and belief.

28. The EEOC may inspect Defendant's premises with three (3) business days' notice. Except that Defendant shall permit a representative of the EEOC to enter Defendant's premises without prior notice for purposes of verifying compliance with Paragraph 13 of this Decree at any time during normal business hours. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

29. Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree or the Release, attached as Exhibit A. In particular, monetary relief is not conditioned on the agreement of the Aggrieved Individual to: (a) maintain as confidential the facts and/or allegations underlying the charge, his complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

30. The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

    a) The Defendant's EIN is: 431908611

    b) The individual to whom the EEOC should email/mail a copy of the form 1098-F, if required to do so, is:

Name: Missy Blackwell

Mailing Address: 9378 Olive Blvd. Suite 330, Saint Louis, MO 63132

Email Address: mblackwell@blackwellinc.com

31.    When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by electronic mail to Leslie.Carter@eeoc.gov and Anne.Gallerano@eeoc.gov. In addition, Defendant should also send reports by U.S. Mail to Blackwell Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St, Ste. 2920, Chicago, IL 60604.

## MODIFICATION AND SEVERABILITY

32.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing.

33.    If one or more provisions of the Decree are deemed unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved with the remaining provisions.

**SO ORDERED, ADJUDGED, and DECREED** on this ___ day of _____ 2024.

By the Court:

_____
The Hon. Virginia M. Kendall
United States District Judge

13

AGREED TO IN FORM AND CONTENT:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel
131 M. Street NE
Washington, DC 20507

GREGORY GOCHANOUR
Regional Attorney

JUSTIN MULAIRE
Assistant Regional Attorney

s/*Leslie N. Carter*
Leslie N. Carter
Senior Trial Attorney
U.S. EEOC Milwaukee Area Office
310 W. Wisconsin Ave., Ste. 500
Milwaukee, Wisconsin 53203
414.662.3711 (phone)
Leslie.Carter@eeoc.gov

s/*Anne Gallerano*
Anne Gallerano
Trial Attorney
U.S. EEOC Chicago District Office
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
312.872.9669 (phone)
Anne.Gallerano@eeoc.gov


ATTORNEYS FOR PLAINTIFF

**BLACKWELL SECURITY SERVICES, INC**

s/*Dana Ferrell*
Craig Annunziata
Dana Ferrell
FISHER & PHILLIPS, LLP
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
(312) 346-8061
cannunziata@fisherphillips.com
dferrell@fisherphillips.com

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

## SETTLEMENT RELEASE

In consideration of $70,000 to be paid to me by Defendant in connection with the resolution of *EEOC v. Blackwell Security Services, Inc*, No. 23-cv-14110 (N.D. Ill.), I waive my right to recover for any claims of religious discrimination or failure to accommodate any religious observance or practice arising under Title VII of the Civil Rights Act of 1964 that I had against Defendant on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. Blackwell Security Services, Inc*, No. 23-cv-14110 (N.D. Ill.).


Signed: _____          Date: _____

    Aggrieved Individual

16

**EXHIBIT B**

## NOTICE TO BLACKWELL'S EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois resolving a lawsuit filed by U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Blackwell Security Services *EEOC v. Blackwell Security Services, Inc*, Civil No. 23-14110.

In this lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 by denying an employee a religious accommodation.

To resolve this case, the EEOC, the employee, and Defendant have entered into a Consent Decree which states, among other things, that:

1. Defendant will pay monetary relief to the employee who was affected by the violations;

2. Defendant Blackwell is enjoined from denying sincerely held religious accommodation requests that do not pose a substantial burden on the operation of Blackwell's business; and

3. Blackwell will adopt and distribute a policy related to religious discrimination and provide training to its employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy, sexual orientation, gender identity), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's website at: www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at 414-662-3680 or by TTY at 1-800-669-6820. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed by email to Leslie.Carter@eeoc.gov and Anne.Gallerano@eeoc.gov.

1/31/2024
Date

The Hon. Virginia M. Kendall
United States District Judge

18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-14110 |
| v. | ) ) | Honorable Virginia M. Kendall |
| BLACKWELL SECURITY SERVICES, INC. | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

## THE LITIGATION

1.     Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant Blackwell Security Services, Inc ("Blackwell") in the United States District Court for the Northern District of Illinois for violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging that Blackwell discriminated against one of its employees ("Aggrieved Individual") by failing to accommodate his religious observance or practice, in violation of Title VII.

2.     In the interest of resolving this matter, and after engaging in comprehensive settlement negotiations, Plaintiff and Defendant (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve Plaintiff's Complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. Blackwell Security Services, Inc.*, Civil No. 23-14110-VMK (the "Action").

3.     This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendant; Defendant's directors, officers, agents, employees, successors, and assigns; and all persons in active concert

1

or participation with Defendant.

## FINDINGS

4.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds that:

    a)  The Court has jurisdiction over the Parties and the subject matter of this litigation;

    b)  The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    c)  The rights of the Parties, the Aggrieved Individual, and the public interest are adequately protected by this Decree;

    d)  Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Aggrieved Individual, and the public; and

    e)  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION

5.     Blackwell, its officers, agents, employees, successors, and assigns are hereby enjoined from the following: (1) failing to provide religious accommodations to employees who seek accommodation for sincerely held religious observance or practices, including but not limited to exceptions to the company dress code or uniform policy, and who communicate the request for accommodation to Defendant or where the need for accommodation is otherwise known to Defendant, unless Defendant can establish undue hardship resulting from the religious accommodation requested, meaning the burden of providing a religious accommodation would

result in a burden that is substantial in the overall context of an employer's business, in accordance with applicable law; and (2) engaging in any form of retaliation against any person because such person has requested religious accommodation, opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or engaged in any action required by this Decree.

## RELIGIOUS DISCRIMINATION POLICIES

6.      Within fifteen (15) calendar days of the date of the entry of this Decree, Blackwell shall adopt or affirm, and maintain through the Term of this Decree, policies specifically prohibiting religious discrimination and affirming the rights granted under Title VII, including policies providing for religious accommodations in the absence of undue hardship and prohibiting retaliation for any requests for accommodation. Such policies and procedures shall, at minimum:

   a) Explain employees' and applicants' rights and employers' responsibilities under Title VII, including that federal law requires Defendant to timely provide religious accommodations in the absence of undue hardship and to provide equal opportunities to employees who seek accommodation for sincerely held religious observances or practices regarding all terms, conditions, benefits, and privileges of employment;

   b) Specifically mention, as an example, making accommodations with respect to policies concerning grooming and uniforms for sincerely held religious observances such as beards and religious garb;

   c) Ensure that Defendant shall timely provide accommodations to employees

3

who seek accommodation for sincerely held religious observances or practices, including dress code or uniform policy exemptions in connection with such religious observances or practices, and who communicate the request for accommodation to Defendant or where the need for accommodation is otherwise known to Defendant, and describe the procedure for employees or applicants to request religious accommodations, providing for a prompt, thorough, and effective process that includes direct communication with the requesting employee to clarify the terms of the accommodation requested and provide a specific point of contact for employees to communicate questions or concerns at any time in the process;

d) Explain the duties that company owners, supervisors, managers, and human resource employees must provide religious accommodations that do not result in a burden that is substantial in the overall context of the employer's business;

e) Require that any employee in a supervisory position who receives a religious accommodation request, whether formal or informal, written or verbal, including any request for a dress code or uniform policy exemption in connection with religious observance or practice, shall report such religious accommodation request to the human resources department and/or owners of Blackwell within one (1) business day of receiving said request.

f) Provide for review of any accommodation decision with the applicant or employee, including a written communication to the applicant or employee explaining the decision, the nature of any accommodations granted and, if for

4

any reason an accommodation request is denied, the reasons for the denial of the accommodation request and an opportunity to appeal the denial;

g) Clearly describe a complaint process for employees or applicants who believe they have been subjected to religious discrimination, including unlawful denial of religious accommodation, that provides both internal and external avenues for complaints, explaining a process for filing a complaint to human resources and explaining that an employee or applicant may file a charge of discrimination with the EEOC and/or similar state enforcement agency;

h) Ensure that employees who request religious accommodations, make complaints of discrimination, or who provide information related to complaints of discrimination are protected against retaliation;

i) Ensure that Defendant will take immediate and appropriate remedial action when it determines that religious discrimination or retaliation has occurred.

7. No later than ten (10) days after the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of all policies and procedures related to religious discrimination and religious accommodations; such policies and procedures shall conform to the provisions of Paragraph 6 of this Decree.

8. No later than twenty (20) days after the Effective Date, Defendant shall distribute its policies to all Blackwell employees.

9. No later than thirty (30) days after the Effective Date, Defendant shall submit to the EEOC a statement confirming distribution of the policies to all Blackwell employees.

10. Nothing in this Decree represents an endorsement by the EEOC or by the Court that either Defendant or any of its policies are in compliance with federal anti-discrimination laws.

## MONETARY RELIEF

11.    Within twenty (20) business days of the approval of this Decree by the Court or within twenty (20) business days after Defendant receives the Release, attached as Exhibit A, signed by the Aggrieved Individual, and an IRS Form W-9, whichever is later, Defendant shall pay the Aggrieved Individual the sum of $70,000 in compensatory damages. Defendant shall remit payment to the Aggrieved Individual by check addressed to the Aggrieved Individual, sent via certified mail requiring signature for delivery. The EEOC will provide the Aggrieved Individual's mailing address when transmitting the signed copy of Exhibit A to the Defendant. Defendant shall email the EEOC's undersigned counsel a copy of the check issued to the Aggrieved Individual and proof of mailing. Defendant shall issue an IRS Form 1099 to the Aggrieved Individual for the payment.

12.    If any portion of the monetary relief is not paid to the Aggrieved Individual within twenty (20) business days of the approval of this Decree by the Court or after Defendant receives a Release, attached as Exhibit A, an IRS Form W-9, signed by the Aggrieved Individual, and the Aggrieved Individual's mailing address, whichever is later ("Unpaid Amount"), then for each business day beyond the twentieth business day that such portion remains unpaid, Defendant shall pay to the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount.

## POSTING OF NOTICE

13.    No later than ten (10) business days after entry of this Decree, and continuously for the duration of this Decree, Defendant shall post copies of the Notice attached as Exhibit B to this Decree in conspicuous locations on bulletin boards or other physical spaces that are regularly used by Defendant for posting legal notices concerning employee rights in all its locations. No later than

fifteen (15) business days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notices have been properly posted and distributed in accordance with this Paragraph.

**RECORD KEEPING**

14.     During the term of this Decree, Defendant must retain records of each request for religious accommodation and every complaint or report of religious discrimination, as well as all documents received or created as part of any request for religious accommodation or investigation into any complaint of religious discrimination.

15.     For each request for a religious accommodation, the records described in Paragraph 14, above, shall include: (a) the name of the employee or applicant making the request and that employee or applicant's mailing address, telephone number(s), and email address; (b) the date of the request; (c) whether an accommodation was offered, and, if so, what the accommodation was and whether it was accepted; (d) if an accommodation was not offered, a detailed explanation of the reason(s); (e) the names and title of any employees, managers or officers involved in the decision to not provide an accommodation, and for any decision makers no longer employed by Defendant, their last known contact information; and (f) all documents created or received by Defendant relating to each request for a religious accommodation. For each such complaint or report of religious discrimination as described in Paragraph 14, above, such records shall include: (a) the name of the employee or applicant who made the complaint or report and that employee or applicant's mailing address, telephone number(s), and email address; (b) the date of the complaint or report; (c) a written description of what was alleged; (d) a written description of the resolution or outcome, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (e) if the complaint or report was made in written form, a copy thereof; and (f) all

7

documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## REPORTING

16. Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after the entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

a) Copies of all records described in Paragraph 15, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of religious discrimination or requests for a religious accommodation were received during that period; and

b) A certification by Defendant that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

## TRAINING

17. During the term of the Decree (see Paragraph 23, below), Defendant shall provide annual training to all Blackwell employees, including owners, officers, managers, supervisors, and human resources employees in all Blackwell locations. Such training shall cover the federal laws which prohibit employment discrimination, with a particular emphasis on the obligations of employers under Title VII to provide religious accommodations, specifically mentioning uniform

policy exemptions for a sincerely held religious observance or practice as an example of religious accommodation. Blackwell shall repeat this training at least once every twelve (12) months for the duration of the Decree and shall occur within sixty (60) calendar days of each anniversary following entry of the Decree. The first annual training shall be completed within sixty (60) days of entry of the Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

18.     Blackwell shall notify the EEOC of its proposed trainer(s) and the content the trainer proposes to present before the commencement of any training session required under Paragraph 17, above. The trainer shall not be an owner, officer, or employee of Defendant. Blackwell shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have five (5) business days from the date it receives the information described above to object to the proposed trainer(s) and/or content the trainer proposes to present. The EEOC may not unreasonably withhold approval of any proposed trainer, and should the EEOC object to Defendant's trainer, it must provide the reasons in writing for doing at the time of the objection. In the event the EEOC objects to Defendant's proposed trainer(s) and/or training materials, Defendant shall have five (5) business days to identify an alternative trainer and/or make changes to the training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to object to the alternate trainer, and/or revised training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraphs 20 and 21, below.

9

19.     No later than five (5) business days after each training session described in Paragraph 17 above takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name, position, and location of all the employees subject to the training requirement, specifically denoting any employees who did not receive the training; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC. Defendant shall provide makeup training for any individuals who miss the initial training session within ten (10) business days of the initial training session and inform the EEOC of the same within five (5) days after the makeup training is completed.

## DISPUTE RESOLUTION

20.     If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant ten (10) calendar days to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within ten (10) calendar days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

21.     In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms

of the Decree and/or imposing a monetary fine for noncompliance.

## TERM OF THE DECREE

22.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

23.     This Decree shall remain in effect for a term of three (3) years immediately following the entry of the Decree for all of Defendant's locations.  No party will contest the validity of this Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

24.     If any disputes under Paragraphs 20 and 21 remain unresolved at the end of the term of the Decree, the term of the Decree shall be automatically extended and the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

25.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree.

26.     The terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

27.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management

11

employee of Defendant to the best of such owner's, officer's, or management employee's knowledge, information, and belief.

28.    The EEOC may inspect Defendant's premises with three (3) business days' notice. Except that Defendant shall permit a representative of the EEOC to enter Defendant's premises without prior notice for purposes of verifying compliance with Paragraph 13 of this Decree at any time during normal business hours. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

29.    Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree or the Release, attached as Exhibit A. In particular, monetary relief is not conditioned on the agreement of the Aggrieved Individual to: (a) maintain as confidential the facts and/or allegations underlying the charge, his complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

30.    The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

a)    The Defendant's EIN is: 431908611

b)    The individual to whom the EEOC should email/mail a copy of the form 1098-F, if required to do so, is:

Name: Missy Blackwell

Mailing Address: 9378 Olive Blvd. Suite 330, Saint Louis, MO 63132

Email Address: mblackwell@blackwellinc.com

31.     When this Decree requires the submission by Defendant of reports, certifications,

notices, or other materials to the EEOC, they shall be sent by electronic mail to

Leslie.Carter@eeoc.gov and Anne.Gallerano@eeoc.gov. In addition, Defendant should also send

reports by U.S. Mail to Blackwell Consent Decree Compliance, Legal Unit, U.S. Equal

Employment Opportunity Commission, 230 S. Dearborn St, Ste. 2920, Chicago, IL 60604.

## **MODIFICATION AND SEVERABILITY**

32.     This Decree constitutes the complete understanding of the Parties with respect to

the matters contained herein. No waiver, modification, or amendment of any provision of this

Decree will be effective unless made in writing.

33.     If one or more provisions of the Decree are deemed unlawful or unenforceable,

the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the

purposes of the Decree. In any event, the remaining provisions will remain in full force and

effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved with

the remaining provisions.

**SO ORDERED, ADJUDGED, and DECREED** on this _31_ day of _Jan_ 2024.

By the Court:

The Hon. Virginia M. Kendall
United States District Judge

13

AGREED TO IN FORM AND CONTENT:

**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel
131 M. Street NE
Washington, DC 20507

GREGORY GOCHANOUR
Regional Attorney

JUSTIN MULAIRE
Assistant Regional Attorney

s/*Leslie N. Carter*
Leslie N. Carter
Senior Trial Attorney
U.S. EEOC Milwaukee Area Office
310 W. Wisconsin Ave., Ste. 500
Milwaukee, Wisconsin 53203
414.662.3711 (phone)
Leslie.Carter@eeoc.gov

s/*Anne Gallerano*
Anne Gallerano
Trial Attorney
U.S. EEOC Chicago District Office
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
312.872.9669 (phone)
Anne.Gallerano@eeoc.gov

ATTORNEYS FOR PLAINTIFF

**BLACKWELL SECURITY SERVICES,
INC**

s/*Dana Ferrell*
Craig Annunziata
Dana Ferrell
FISHER & PHILLIPS, LLP
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
(312) 346-8061
cannunziata@fisherphillips.com
dferrell@fisherphillips.com

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

## **SETTLEMENT RELEASE**

In consideration of $70,000 to be paid to me by Defendant in connection with the resolution

of *EEOC v. Blackwell Security Services, Inc*, No. 23-cv-14110 (N.D. Ill.), I waive my right to

recover for any claims of religious discrimination or failure to accommodate any religious

observance or practice arising under Title VII of the Civil Rights Act of 1964 that I had against

Defendant on or before the date of this release and that were included in the claims in the EEOC's

complaint in *EEOC v. Blackwell Security Services, Inc*, No. 23-cv-14110 (N.D. Ill.).


Signed: _____     Date: _____

    Aggrieved Individual

**EXHIBIT B**

## NOTICE TO BLACKWELL'S EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois resolving a lawsuit filed by U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Blackwell Security Services *EEOC v. Blackwell Security Services, Inc*, Civil No. 23-14110.

In this lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 by denying an employee a religious accommodation.

To resolve this case, the EEOC, the employee, and Defendant have entered into a Consent Decree which states, among other things, that:

1. Defendant will pay monetary relief to the employee who was affected by the violations;

2. Defendant Blackwell is enjoined from denying sincerely held religious accommodation requests that do not pose a substantial burden on the operation of Blackwell's business; and

3. Blackwell will adopt and distribute a policy related to religious discrimination and provide training to its employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy, sexual orientation, gender identity), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's website at: www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at 414-662-3680 or by TTY at 1-800-669-6820. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed by email to Leslie.Carter@eeoc.gov and Anne.Gallerano@eeoc.gov.

_____          _____
Date                                          The Hon. Virginia M. Kendall
                                                 United States District Judge

18